AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

| | | |
|---|---|---|
| United States of America<br>v.<br>NILES C. WRAY<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br>15-MJ- 7060 |

FILED
AUG 20 2015
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __2/19/2015 through 3/2/2015__ in the county of __Champaign__ in the __Central__ District of __Illinois__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) | Knowingly accessing with intent to view, or attempting to do so, any child pornography |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

s/Justin Tennyson
*Complainant's signature*

Justin Tennyson, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

s/Eric I. Long

Date: 08/20/2015

*Judge's signature*

City and state: Urbana, IL

ERIC I. LONG
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Justin Tennyson, having been first duly sworn, do hereby depose and state as follows:

1. I have been employed as a Special Agent of the FBI since July 13, 2014, and am currently assigned to the Springfield Division, Champaign Resident Agency (RA). While employed by the FBI, I have investigated and assisted in the investigation of federal criminal violations involving child pornography and the sexual exploitation of children. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. As a federal law enforcement officer, I am authorized to investigate violations of the laws of the United States and to execute arrest and search warrants issued under the authority of the United States.

2. I make this affidavit in support of a criminal complaint and arrest warrant for NILES WRAY (hereafter "WRAY"). As will be shown below, there is probable cause to believe that WRAY knowingly accessed or attempted to access with intent to view material containing an image of child pornography, as defined in 18 U.S.C. § 2256(8), in violation of 18 U.S.C. § 2252A.

3. The facts set forth in this affidavit are based on my personal knowledge and investigation. This affidavit is also based on knowledge I obtained from other individuals, including other law enforcement officers, my review of documents related to this investigation, communications with others who have personal knowledge of the events and circumstances described in this affidavit, and information gained through

1

my training and experience.

4. Since this affidavit is being submitted for the limited purpose of securing arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that WRAY committed violations of Title 18, United States Code, Section 2252A. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## RELEVANT STATUTES

5. This investigation concerns alleged violations of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), which prohibit a person from knowingly accessing with intent to view, or attempting to do so, any material that contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## PROBABLE CAUSE

6. During an authorized federal investigation, federal law enforcement agents linked a user of the Internet account in the 1600 block of North Foster Avenue in Decatur, IL 62526-3344 (the "Foster residence") to an online community of individuals who regularly send and receive child pornography via a website that operated on an anonymous online network (hereafter "Website A").

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

"User Y" on "Website A"

11.     According to data obtained from logs on "Website A," pursuant to the federal investigation, a user with a specific user name that will be referred to hereafter as "User Y" engaged in the following activity on "Website A."

12.     The profile page of "User Y" indicated this user originally registered an account on "Website A" on 02-19-2015.  Profile information on "Website A" may include contact information and other information that is supplied by the user.  It also contains information about that user's participation on the site, including statistical information about the user's posts to the site and a categorization of those posts.  According to "User Y's" profile, this user was a Newbie Member of "Website A."  Further, according to the Statistics section of this user's profile, "User Y" had been actively logged into the website for a total of 6 hours between the dates of 02-19-2015 and 03-02-2015.

13.     Information collected regarding "User Y" pursuant to the federal investigation also showed the host name of the computer used was "thx-PC" and the log-on name entered was "thx."

IP Address and Identification of User "User Y" on "Website A"

14.     According to data obtained from logs on "Website A," pursuant to the federal investigation, on 02-22-2015, "User Y" engaged in the following activity on "Website A" from IP address 98.214.231.241.  During the session described below, this user browsed "Website A" after logging into "Website A" with a username and a password.

5

15. On 02-22-2015, "User Y" with IP address 98.214.231.241 accessed a website post that, among other things, contained a post from another user with a series of video thumbnails that depicted a prepubescent male performing oral sex on an adult male.

16. During the following additional sessions, the user "User Y" also browsed "Website A" after logging into "Website A" with a username and password. During these sessions, the user's IP address information was not collected.

17. On 02-22-2015, "User Y" accessed a post that contained a link to a series of thumbnails that depicted an adult male having vaginal sex with a prepubescent female.

18. On 02-23-2015, the user "User Y" accessed a post that contained a link to an image that depicted an adult male ejaculating onto the vaginal area of a female baby.

19. Over a 12-day period, "User Y" accessed 59 threads on "Website A." Titles of the threads that were viewed by the user referenced infants and prepubescent minors and some included references to sexual and other acts including oral and anal penetration and urination.

20. Using publicly available websites, FBI Special Agents were able to determine that the above IP Address, 98.214.231.241, was operated by the Internet Service Provider ("ISP") Comcast. In March 2015, an administrative subpoena/summons was served to Comcast requesting information related to the user who was assigned to the above IP address. According to the information received from Comcast, T.H. was receiving Internet service at the Foster residence. Internet service was current as of 02-26-2015 at the aforementioned premises.

21. On or about July 16, 2015, and July 20, 2015, surveillance of the Foster

residence revealed that an individual believed to be WRAY entered the residence after he was seen walking down North Foster Avenue.  WRAY was believed to be another occupant of the Foster residence.

22. A search of the Accurint information database (a public records database that provides names, dates of birth, addresses, associates, telephone numbers, email addresses, etc.) was conducted for the occupants of the Foster residence, T.H. and J.H., along with WRAY.  These public records indicated that all three of these individuals had a current address of the Foster residence.

23. On July 23, 2015, a pen register trap and trace (PRTT) order was obtained for the Comcast High Speed Internet service account at the Foster residence.  The order authorized the collection of, among other things, IP address connections made to and from that Internet service account.  The order was served upon Comcast, which was required to facilitate the collection of that data and information.

24. Collection of PRTT data for the Comcast High Speed Internet account at the Foster residence began on July 24, 2015.  Since the collection of PRTT data began, FBI Agents reviewing the data have observed connections from the Foster Avenue residence to IP addresses associated with services that provide anonymization to users of these services. Using such an anonymization service would mask traffic being sent to and from the Foster Avenue residence. For example, if a subject was connecting to the Network via such an anonymization service, FBI Agents reviewing the PRTT data would not be able to determine that a user of the internet at the Foster residence was connecting to the Network.  Based on my training and experience, I know that

individuals sometimes utilize such anonymization services to mask criminal activity.

25. On August 17, 2015, United States Magistrate Judge Eric I. Long authorized the search of WRAY's residence in Decatur, Illinois.

26. On August 19, 2015, law enforcement officers and FBI agents executed a search warrant at WRAY's residence. Upon entering the residence from the front door, agents viewed WRAY exiting a bedroom to the left or to the north. WRAY acknowledged that the room he exited was his bedroom, and his mother, J.H., and stepfather, T.H., also later identified that bedroom as WRAY's room. When he encountered the agents, WRAY stated that he had been in his bedroom playing a computer game; however, when agents entered WRAY's bedroom, the computer in that room had been shut down. Agents located and seized the following items from WRAY's bedroom: an Antec Tower; a 2-terabyte Seagate external hard drive with serial number NA4DW03R; a Hewlett-Packard laptop with serial number TW14320505; a compact disc collection with cases; papers with potential passwords; and a voter information card with the name "Niles C. Wray" on it.

27. Additionally, a family computer in the main room of the Foster residence; a tablet belonging to J.H.; and phones belonging to T.H., J.H., and WRAY were not seized after an on-site preview revealed that those devices did not appear to contain any suspicious materials.

28. FBI Special Agent Justin Givhan, a certified computer forensic examiner, conducted an on-scene preview of the Antec Tower, which revealed that the computer's hard drive contained highly organized files with hundreds of images of child erotica showing children who appeared to be between the ages of 6 and 14, some of whom

were prepubescent and some of whom were scantily clad, in various stages of undress and/or posed in a sexually explicit manner. The hard drive also contained several torrent and .RAR files that were not reviewed on-site but will be reviewed at a later time by FBI forensic analysts. Upon taking apart the computer's central processing unit, SA Givhan located the computer's unique Media Access Control ("MAC") address: 6C626D882E6E. A MAC address is assigned to a network adapter – the equipment that connects a computer to a network[1] – at manufacture and is designed to be a unique identifying number. The unique MAC address 6C626D882E6E of the Antec computer exactly matched the MAC address of the computer used to access "Website A."

29. Law enforcement officers and FBI agents also conducted interviews with the two other occupants of the Foster residence, J.H., WRAY's mother, and T.H., WRAY's stepfather.

30. J.H. informed FBI Special Agents Harvey Pettry and Brian Schenkelberg that WRAY was the only individual who used the Antec computer in his bedroom. J.H. stated that every day WRAY spent a significant amount of time on his computer in his bedroom with the door closed and noted that she had been concerned that his computer usage was excessive. J.H. further stated that she had encouraged WRAY to get a job but her efforts had been largely unsuccessful. J.H. indicated that WRAY was a sophisticated computer user and had been interested in computers for a number of

---

[1] A network is two or more computers or other devices connected to each other that can exchange information with each other via some transmission method, such as by wires, cables, or radio waves.

years. J.H. said that either T.H. or WRAY had at one point mentioned encrypted data, but she could not remember who mentioned it. J.H. indicated that she herself did not have significant computer knowledge. J.H. further stated that WRAY had visited the house of a friend who had two young children but said she did not know how frequent those visits were.

31. T.H. likewise informed Special Agents Pettry and Schenkelberg that WRAY was the only individual who used the Antec computer in his bedroom. T.H. told investigators that WRAY had built that computer himself approximately three years prior. T.H. stated that WRAY had briefly held two jobs but did not hold either for very long. Like J.H., T.H. stated that WRAY was highly skilled in computers and indicated that he himself was not a sophisticated computer user. T.H. also indicated that WRAY spent a significant amount of time on his computer and said he had seen WRAY on his computer late in the night. T.H. indicated that the family had the same wireless service for about the past year and said the network was locked and therefore not accessible without a password.

FURTHER, AFFIANT SAYETH NOT.

                                                          s/Justin Tennyson

                                             Special Agent Justin Tennyson
                                             Federal Bureau of Investigation

<u>Sworn and subscribed before me this 20th day of August 2015.</u>
                                                                                          s/Eric I. Long

U.S. Mag. Judge